UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO. 07-CV-12383 FNG

**EUGENE DUPUIS and**
**JUDITH DUPUIS**

        **Plaintiffs**

**v.**

**KBA NORTH AMERICA, INC.,**
**SHEETFED DIVISION (a foreign corporation)**
**And KOENIG & BAUER, AG (a foreign corporation)**

        **Defendant**

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AFFIDAVIT OF DARRY ROBERT HOLT

The Plaintiffs, Eugene and Judith Dupuis, hereby oppose the Defendants' motion to strike Plaintiffs' Affidavit of Darry Robert Holt (Mr. Holt). In support of their opposition, the Plaintiffs state the following:

1. Mr. Holt is competent to testify as an expert on this matter and therefore his Affidavit, which recites facts based upon Mr. Holt's personal knowledge, should not be stricken in its entirety.

2. The Holt Affidavit contains references to facts and documentary materials that will be admissible at trial and/or are normally referenced and relied upon by experts in Mr. Holt's field pursuant to Federal Rules of Evidence 803 and 703 respectively.

3. The following paragraphs of the Holt Affidavit are admissible on numerous grounds:

1

**Paragraph 5-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field/Personal Knowledge/Facts previously referenced in Mr. Holts' report and deposition.

**Paragraph 9-** Facts referenced in Mr. Holt's curriculum vitae/Personal Knowledge.

**Paragraph 10-** Facts referenced discussed during deposition/Personal Knowledge.

**Paragraph 11-** Facts referenced are of the type reasonably relied on by experts in the field/Relevance as to methodology/Personal Knowledge.

**Paragraph 12-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field/Relevance as to methodology/Personal Knowledge/ Facts previously referenced in Mr. Holts' report and  deposition.

**Paragraph 13-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field/Personal Knowledge/ Facts previously referenced in Mr. Holts' report and deposition.

**Paragraph 14-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field/Personal Knowledge/ Facts previously referenced in Mr. Holts' report and deposition.

**Paragraph 16-** Facts referenced in Mr. Holts' report and deposition/Personal Knowledge.

**Paragraph 17-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field/ Facts referenced in Mr. Holts' report and deposition/Personal Knowledge.

**Paragraph 18-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18) Facts referenced are of the type reasonably relied on by experts in the field/ Facts referenced in Mr. Holts' report and deposition/Personal Knowledge.

**Paragraph 19-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field/ Facts referenced in Mr. Holts' report and deposition/Personal Knowledge.

**Paragraph 20-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field//Personal Knowledge/ Facts referenced in Mr. Holts' report and deposition.

**Paragraph 21-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/ Facts referenced are of the type reasonably relied on by experts in the field/ Personal Knowledge/ Facts referenced in Mr. Holts' report and deposition.

**Paragraph 22-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field//Personal Knowledge/ Facts referenced in Mr. Holts' report and deposition.

**Paragraph 23-** Facts referenced in Mr. Holt's deposition/Personal Knowledge.

**Paragraph 24-** Opinion derived from methodology described above/Personal Knowledge.

**Paragraph 25-** Opinion derived from methodology described above//Personal Knowledge.

**Paragraph 26-**  Opinion derived from methodology described above/Personal Knowledge.

**Paragraph 27-** Opinion derived from methodology described above//Personal Knowledge.

**Paragraph 28-** Opinion derived from methodology described above/Personal Knowledge.

**Paragraph 29-** Treatises referenced independently admissible pursuant to Fed.R.Evid. 803 (18)/Facts referenced are of the type reasonably relied on by experts in the field//Personal Knowledge/ Facts referenced in Mr. Holts' report and deposition.

**Paragraph 30-** Opinion derived from methodology described above/Personal Knowledge.

**Paragraph 31-**  Opinion derived from methodology described above/Personal Knowledge.

**Paragraph 32-** Opinion derived from methodology described above/Personal Knowledge.

**Paragraph 33-** Opinion derived from methodology described above/ Facts referenced are of the type reasonably relied on by experts in the field/Industrial Safety Codes admissible pursuant to Fed.R.Evid. 803 (18).

**Paragraph 34-** Opinion derived from methodology described above/ Personal Knowledge.

**Paragraph 35-** Facts referenced during Mr. Holt's deposition.

**Paragraph 36-** Facts referenced during Mr. Holt's deposition.

## I. ARGUMENT

### A. MR. HOLT IS A COMPETENT EXPERT WITNESS AND HIS AFFIDAVIT SHOULD NOT BE STRICKEN IN ITS ENTIRETY

The Plaintiffs are at a loss to fathom how the Affidavit of Mr. Holt should be stricken merely because the Defendants argue that Mr. Holt is unqualified to testify as an expert witness. Defendants' Memorandum pg. 2-3. The entire purpose of the Defendant's Motion to Preclude is to determine whether Mr. Holt is qualified to testify. It would be illogical for the Court <u>not</u> to consider Mr. Holt's Affidavit to determine his education, training and experience and his competency to testify as an expert in this matter.

### B. THE HOLT AFFIDAVIT CONTAINS ADMISSIBLE MATERIAL

The Affidavit of Mr. Holt contains facts made known to Mr. Holt based upon his own personal knowledge. The facts referenced in the Affidavit will generally be admissible at a trial.

***1. Mr. Holt's Affidavit mentions qualifications and opinions that were disclosed in his Fed.R.Civ.P. 26 Report and during his deposition. Mr. Holt's Affidavit does not offer new opinions or materially differ from his Rule 26 export.***

In this case, Mr. Holt has produced his Rule 26 report, and has been deposed. The qualifications and opinions disclosed in his Affidavit do not materially differ in any way from his Rule 26 Report.

#### a. Qualifications

In Paragraph 9 of his Affidavit, Mr. Holt avers that his employment at W.R. Grace & Co. involved the maintenance and safeguarding of power tools and other equipment that operate similarly to the incident Printing Press:

> 9. During my years in industry, I worked for W.R. Grace & Co. There I was responsible for maintaining and safeguarding equipment and supervising maintenance and operating personnel. The equipment included power tools of

> all types used in the maintenance departments and batch processing and continuous rolling line production equipment which operates similarly to printing presses.

Affidavit of Darry Robert Holt, para. 9, Exhibit W to Plaintiffs' Rule 56.1 Statement of Undisputed and Disputed Material Facts.

In Mr. Holt's curriculum vitae attached to his Rule 26 Report it states:

> "DEWEY & ALMY CHEMICAL DIVISION, W.R. Grace & Co., 1963-1971
> Manufacturing Process Development Engineer, 1966-1971; Troubleshooting, process design, evaluation of design and performance of machinery and equipment, value analysis, new equipment initiation and selection."

That the Defendants did not choose to extensively query Mr. Holt about his particular training and experts at W.R. Grace at his deposition was their prerogative, and they did so at their peril. In his Affidavit, Mr. Holt is only echoing his qualifications as disclosed in his curriculum vitae to his report. These paragraphs of the Affidavit should not be stricken.

In paragraphs 12-17 of the Affidavit Mr. Holt clarifies the methodology used by him, and engineers generally, to troubleshoot the problem with the Printing Press. This methodology was set out in Mr. Holt's Rule 26 Report and in the Appendices attached to that Report. The Affidavit paragraphs are based upon learned treatises that are independently admissible in evidence or constitute materials of the type that experts in the field rely upon.

In paragraph 23 of the Affidavit Mr. Holt testified that he has consulted in approximately fifty or more printing press cases since 1974. At his deposition, Mr. Holt was queried by Defendants' counsel, Mr. Durney, concerning Planeta Printing Press cases that he has consulted on. Mr. Durney did not query Mr. Holt on the number of printing press cases that he generally has consulted on. Depo. of Darry Robert Holt, pg. 16-19.

**b. Opinions**

Mr. Holt's Affidavit includes paragraphs 27 and 30 which include his methodology and opinions. These methodology and opinions were adequately set forth in his Rule 26 Report, its Appendices, and during his deposition.

Paragraph 27 of Mr. Holt's Affidavit stated:

> 27. The risk associated with the hazard presented by the moving components of the printing press, magnified by the misintended mode of selection, as with all risks, is a function of the frequency of a hazard related incident and the potential severity of injury. In the subject circumstances the probability of an incident occurrence is high and the potential consequence of an incident is severe (permanent disability or death), therefore the reasonable risk is unacceptable.

Paragraph 30 of Mr. Holt's Affidavit stated:

> This writer's conclusion relative to the printing press safety design is that it is unsafe and defective in design because:
>
> a) The person not operating the controls when changing the blanket does not know which direction the cylinder will turn;
> b) the probability of a control mis-selection is high;
> c) the severity of potential injury is catastrophic;
> d) the resulting residual risk is unacceptable by application of good engineering practice or risk assessment;
> e) an alternative design is available which does reduce the risk to an acceptable level.

### *2. Mr. Holt's Affidavit Does Not Contain Hearsay*

**a. Standards, Treatises**

Mr. Holt references American National Safety Standard Safety Specifications for Printing Press Control Drives B65.1-1985 (the ANSI Standard). The ANSI standards constitute a published treatise, periodical, or pamphlet which under the learned treatise exception to the hearsay rule are admissible. Fed.R.Evid. 803 (18); see also Rexrode v. American Laundry Press Co., 674 F.2d 826, 831 n.10 (10th Cir. 1982) (court noted that evidence that a product violated safety standards is admissible against manufacturer to determine defective design); cf. Stanley v. United States, 347 F.Supp 1088 , 1095 (D.ME 1972) (vacated on other grounds, 476 F.2d 606

(1st Cir. 1973) (applying Maine law, held that mere fact that safety code does not bind a party does not mean that the code is irrelevant). Industrial safety codes are admissible as substantive evidence in a products liability cases, and may be received by the jury because they are such easily understood industrial safety rules. <u>Tees v. E.W. Bliss Co.,</u> 1985 U.S. Dist. Lexis 18331, 14-15 (E.D.PA. July 1, 1985) <u>citing</u> Advisory Committee's Notes to Fed.R.Evid. 803 (18). Mr. Holt has provided a foundation for the common use and reliance on such standards. The ANSI Standard itself and the characteristic of the Printing Press provides the applicability of the standards to the product and manufacturer given the date and location of manufacture.

Furthermore, pursuant to Fed.R.Evid. 703 expert witnesses may rely on materials that may not be admissible into evidence, so long as those materials are of a type reasonably relied on by experts in the field. Federal Rules of Evidence 703 states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Mr. Holt, will reference these standards in his testimony as to what actions the various Defendants allegedly should have taken to avoid the accident that injured Mr. Dupuis. The Defendants may cross-examine Mr. Holt as to his understanding and interpretation of these standards, which will afford them ample opportunity to ensure the jury understands the voluntary nature of the standards.

Paragraph 5 of Mr. Holt's Affidavit recites engineering studies taught to Mr. Holt:

> 5. Very early in my engineering studies, I and my peers were taught:

    (A)    That the activity characteristic of engineering was problem solving. (Appendix 4, Item 1, Pg. 10)
    (B)    That engineering is based on fundamental laws of the sciences of physics, chemistry, and mathematics and their extensions into thermodynamics, metallurgy and mechanics of solids and fluids. (Appendix 4, Item 1, Pg. 10);
    (C)    That whereas a scientist typically adds to our store of scientific knowledge, an engineer brings known science to bear on practical problems (Appendix 4, Item 1, Pg. 10);
    (D)    That engineers apply the engineering method and outlook to the solution of problems. (Appendix 4, Item 1, Pg. 10);
    (E)    The engineering method includes: (Appendix 4, Item 1, Pgs. 234-241);
          i) a clear statement of the problem and assumptions;
          ii) a scientific analysis of the facts;
          iii) a check of the results of the analysis;
          iv) drawing conclusions from the facts.
    (F)    That scientific analysis can be approached in three different ways:
          i) directly (through someone's experience);
          ii) experimentally (by tests);
          iii) analytically.

The documents referenced are based upon Mr. Holt's personal knowledge. They are materials that may not be admissible in evidence, but are reasonably relied upon by experts in the field. At Mr. Holt's deposition the Defendants noted that there were sixteen appendices attached to Mr. Holt's Report and Mr. Holt testified that some of the Appendices were specific to the printing industry itself and some were general machines safety design regulations.  Mr. Durney chose note to ask specific questions about those sixteen attached learned treatises, "and I wont' go through them." Depo. of Darry Robert Holt. Pg 143. Mr. Holt may base his testimony upon these documents and may reference them in his Affidavit.

      The Defendants argue that Paragraphs 11, 13, 14, 17, 18, 19, 20, 21, 22, 29, and 33 are include references to unauthenticated documents and therefore those portions of Mr. Holt's Affidavit should be stricken, and cite <u>Richardson v. Oldham</u>, 811 F.Supp. 1186, 1198 (E.D. Tex. 1992).  The Defendants fail to mention that in <u>Richardson</u> the District Court Judge was referring to unauthenticated photographs (not yet authenticated during depositions) and other personal records.  Here, the Court is dealing with learned treatises and safety standards cited in the

Affidavit that are either independently admissible as learned treatises or are of the type of documents reasonably relied on by experts in the field pursuant to Fed.R.Evid. 703.

### b. Other Alleged Hearsay

In paragraphs 35 and 36 Mr. Holt asserts that the "facts presented" to him at the time of his first inspection of the machine were "not correct," as the particulars of the accident circumstances were relayed to him only by Mr. Dupuis and Mr. Donnelly's Americraft Carton Inc. Superior. Mr. Holt explains that during discovery new facts were brought to his attention and caused his initial opinion to be altered, i.e. the deposition of Mr. Dupuis and Mr. Donnelly. Mr. Holt's Affidavit recitation is based upon the personal he acquired when he initially inspected the Printing Press at Americraft Carton (but did not have a chance to speak with the Plaintiff Mr. Dupuis or Mr. Donnelly), and then later in time when he was given the opportunity to review Mr. Dupuis and Mr. Donnelly's deposition transcripts.

### *3. Mr. Holt's Affidavit is Not Conclusory*

The Defendants argue that Paragraph 18 of Mr. Holt's Affidavit should be stricken because he has "become aware" that consensus standards require compromise, and are therefore regarded as minimum standards. Mr. Holt, however, provides a citation to the **Standard Handbook of Machine Design.** This **Handbook** is independently admissible as a learned treatise or can be considered type of documents reasonably relied on by experts in the field. Paragraph 18 of Mr. Holt's Affidavit is reproduced below:

> I have also become aware that for consensus standards to be accepted, compromises are made and thus are regarded as minimum standards (see Appendix 4, Item 3, Pg. 36-137).

Furthermore, the "Foreword" to ANSI Standard B65.1-1985 states the following:

> The Standards Committee recommends the voluntary adoption and use of this standard by the printing industry and its suppliers at their earliest convenience.

> It is hoped that individual companies will not only use it in the purchase of new equipment, but will also apply the specifications in the standard during any major change or alteration in existing equipment. It is recommended that this standard, or applicable parts of it, be referenced in purchase orders for press equipment, when appropriate, thus making its provisions a apart of the purchase contract.

This citations to **The Standard Handbook of Machine Design** and the "Foreword" of the ANSI standard is more than enough bases for Mr. Holt to recite in his Affidavit that he is aware the consensus standards are minimum standards.

The Defendants argue that Paragraphs 25 and 28 should be stricken as conclusory because Mr. Holt avers in Paragraph 28 that "inclusion of shape coding of the face on the control buttons and barriers between the control buttons would reduce the probability of a mis-selection and reduce the risk hazard." Mr. Holt had previously cited to the bases of his opinion in paragraph 22(c) of his Affidavit.

Paragraph 29 contains Mr. Holt's opinion that the inclusion of two distinct audible alarms were feasible as demonstrated by the fact that ANSIB65.1 §E3.7.1 states that an audible warning with annunciator lights is the most prevalent system. The ANSI standard, as stated above is independently admissible as a learned treatise or the type relied on by experts in the field, and thus Mr. Holt can rely upon this document.

Paragraphs 30, 31, and 32 should not be stricken as they consist of Mr. Holt's opinions that touch on the ultimate issue to be decided by the jury. Mr. Holt is not testifying to a legal conclusion. Mr. Holt's methodology that he employed to arrive at those opinions was described in his Affidavit.

Paragraph 33 should not be stricken as it refers to ANSI Standard B65.1-1985. Paragraph 34 should not be stricken as it merely recites that Mr. Holt has evaluated safety design for thousands of other machines, and this statement is based upon his personal knowledge.

*Mr. Holt's Assertions are Relevant*

In order to set forth the methodology employed by Mr. Holt to reach his ultimate conclusion he averred in his Affidavit paragraphs 10, 11, and 12. Mr. Holt cites to the "Safety Design Hierarchy" and states that "hazard control is universal" based upon this text. These paragraphs should not be stricken as they are based upon admissible evidence pursuant to Fed.R.Evid. 803 (18) and/or are based upon facts and data reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject

**C. The Plaintiffs' affidavit contains material based upon Mr. Holt's personal knowledge; the documents referenced in the affidavit are either independently admissible or the type usually relied upon by experts in the field.**

The Plaintiffs have demonstrated that the affidavit is in conformity with the Rule and therefore should not be stricken. The Defendants, however, argue that the affidavit should be disregarded if inadmissible matter is so interwoven or inextricably combined with the admissible portions that it is impossible to separate them. The Defendants cite Southern Concrete Co. v. U.S. Steel Corp., 394 F. Supp. 362, 381 (D.C. Ga. 1975) for this proposition of law. However, the District Court in that case DID not strike the affidavit at all. The citation is to dictum only.

WHEREFORE, the Defendants' Motion should be entirely DENIED. The Defendants' Motions to Preclude the Expert Testimony of Darry Holt and for Summary Judgment Pursuant to Fed.R.Civ.P. 56 should be DENIED.

The Plaintiffs,
By Their Attorney

/s/ Frederic N. Halstrom
_____
Frederic N. Halström BBO #218420
Attorney for Plaintiffs-Appellants
Halström Law Offices, P.C.
P.O. Box 121203
Boston, MA 02112
(617) 262-1060
office@halstrom.com

**CERTIFICATE OF SERVICE**

    I, Frederic N. Halstrom, attorney for the Plaintiffs, hereby certify that on the 14th day of July, 2010, a true copy of the foregoing, filed through the ECF, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and the paper copies will be served upon anyone indicated as a non-registered participant.

    /s/ Frederic N. Halstrom
    -----------------------------
    Frederic N. Halstrom